UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BITER, et al.,<br><br>　　　　Defendants. | Case No.  1:17-cv-0084-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE IN FULL**<br><br>**(ECF No. 3)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983 on January 19, 2017. (ECF No. 1.) Plaintiff seeks leave to proceed in forma pauperis in this case.  (ECF No. 3.)

**I.　　Motion to Proceed In Forma Pauperis**

　　　　Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has brought more than three actions that were dismissed for failing to state a claim.[1]  The only question remaining is whether Plaintiff is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past.  Id. at 1056-57.  Allegations that are vague, speculative, or conclusory will not "plausibly" show "imminent danger."  See Reberger v. Baker, 657 Fed. Appx. 681, 684 (9th Cir. 2016); Andrews, 493 F.3d at 1057 n.11.

Here, a review of Plaintiff's complaint demonstrates that he is not at imminent risk of suffering "serious physical injury."  At the time Plaintiff filed this complaint, he was (and still is) incarcerated at Pelican Bay State Prison.  However, the conspiracy, retaliation, and excessive force that are described in the Complaint all occurred at Kern Valley State Prison.  Because Plaintiff is at a different facility and away from the Defendants and Kern Valley State Prison, he is not in imminent danger.  See Palmer v. New York State Dept. of Corr., 342 Fed. Appx. 654, 656 (2d Cir. 2009) (finding no imminent danger when plaintiff's complaint related to conditions at prisoner from which he had been transferred prior to filing the complaint); Flemings v. Gray, 2015 U.S.Dist. LEXIS 169052, *6 (E.D. Cal. Dec. 16, 2015) (same); Gonzales-Turner v. Sandor, 2015 U.S. Dist. LEXIS 86689, *3 (E.D. Cal. July 2, 2015) (same).

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." The Court takes judicial notice of the following four cases: Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016); Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016); Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015).

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action (ECF No. 3) is DENIED;

2. Plaintiff is directed to pay the $400 filing fee in full within **twenty-one (21) days** of this order; and

3. The failure of Plaintiff to timely pay the filing fee will result in the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated:   March 6, 2017                                                                           
                                                SENIOR DISTRICT JUDGE

3